■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GORDON, Appellant. [653 NYS2d 297] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered December 12, 1994, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the second degree (two counts), and sentencing him to concurrent terms of $8^1/3$ to 25 years and $2^1/3$ to 7 years on the attempted murder and assault convictions, respectively, consecutive to a term of 5 to 15 years on the weapon possession conviction, unanimously affirmed.

Defendant's current claims of error regarding various comments and instructions to the jury by the trial court are unpreserved (CPL 470.05). In any event, the trial court's comments to the jury panel regarding the proposed affirmative defense of extreme emotional disturbance were appropriate, and the final charge to the jury regarding attempted murder in the second degree, which included full initial and supplemental instructions regarding the affirmative defense conveyed the appropriate legal principles (*see, People v Coleman,* 70 NY2d 817). Further, since defendant conceded that he possessed and fired the gun admitted into evidence, he was not prejudiced by the court's charge indicating that the gun entered into evidence was a loaded gun (*see, People v Lewis,* 64 NY2d 1031).

The People provided defendant with a legible copy of the report prepared by the People's expert witness well in advance of that witness's testimony, and thus defendant was not prejudiced by the inconsequential delay in delivery (*see, People v Banch*, 80 NY2d 610, 617).

Defendant's claim of ineffective assistance of counsel was not explored in the context of a CPL 440.10 motion (*see, People v Love*, 57 NY2d 998) and, based on the existing record, there is no basis to conclude that defendant was denied the effective assistance of counsel (*People v Baldi*, 54 NY2d 137). On the contrary in the face of overwhelming evidence, counsel presented an effective extreme emotional disturbance defense.

We perceive no abuse of discretion in sentencing, nor any error in imposing a consecutive sentence in connection with the weapon possession charge, as the possessory crime was complete prior to the unlawful use (*People v Almodovar*, 62 NY2d 126, 130).

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Concur—Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.