RONALD J. WEIERHEISER, Appellant, v HERMITAGE INSURANCE COMPANY et al., Respondents, et al., Defendants. [795 NYS2d 807]—

Appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered February 27, 2004 in a declaratory judgment action. The judgment granted the motion of defendants Hermitage Insurance Company and Allegany County Federation of Snowmobilers, Inc. for summary judgment declaring that Hermitage Insurance Company has no duty to defend or indemnify defendant Kenneth C. Frazier in an underlying personal injury action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the complaint is dismissed.

Memorandum: Plaintiff appeals from a judgment granting the motion of defendants Hermitage Insurance Company (Hermitage) and Allegany County Federation of Snowmobilers, Inc. (ACFS) for summary judgment declaring that Hermitage has no

duty to defend or indemnify Kenneth C. Frazier (defendant) in an underlying personal injury action. On December 17, 1999, plaintiff was snowmobiling with defendant and another individual on land owned by defendant's grandfather. Plaintiff sustained injuries when he fell off his snowmobile and was struck by the snowmobile operated by defendant. At the time of the accident, defendant was a member of ACFS. Hermitage issued a commercial general liability policy to ACFS. Hermitage subsequently disclaimed coverage under an exclusion in the policy for claims or suits brought by one member of ACFS against another. Plaintiff thereafter commenced this action against Hermitage seeking a judgment declaring, inter alia, that the disclaimer was improper.

Hermitage previously moved to dismiss the declaratory judgment action on the ground that plaintiff lacked standing, and the motion was denied. As a nonfinal order necessarily affecting the final judgment, Supreme Court's order denying the motion is brought up for review by this appeal from the final judgment (*see* CPLR 5501 [a] [1]). We agree with plaintiff that he lacked standing to bring a declaratory judgment action against Hermitage because he has not obtained a judgment against Hermitage's insured (*see* Insurance Law § 3420; *Lang v Hanover Ins. Co.*, 3 NY3d 350, 354-355 [2004]). Although decided in November 2004, *Lang* does not establish a new principle of law and thus must be applied retroactively (*see Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 192 [1982], *rearg denied* 56 NY2d 567 [1982], *cert denied* 459 US 837 [1982]). Consequently, we reverse the judgment and dismiss the complaint. Present—Green, J.P., Hurlbutt, Martoche, Lawton and Hayes, JJ.