[844 NE2d 743, 811 NYS2d 289]

STATE OF NEW YORK, Respondent, v PATRICIA II., Appellant.

Argued January 10, 2006; decided February 9, 2006

## POINTS OF COUNSEL

*Mental Hygiene Legal Service, Third Judicial Department,* Albany (*Sheila E. Shea* of counsel), for appellant. I. Appellant's ability to pay the cost of her care is a condition precedent to the State of New York's Mental Hygiene Law article 43 action to recover care and treatment costs. (*State of New York v Ross,* 109 AD2d 937; *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580; *Brown v Stone,* 66 F Supp 2d 412; *Matter of Seelen,* 87 Misc 2d 360; *Matter of Kesselbrenner v Anonymous,* 33 NY2d 161; *Matter of Girard v City of Glens Falls,* 173 AD2d 113, 79 NY2d 757; *Mental Health Info. Servs. v Schenectady County Dept. of Social Servs.,* 128 Misc 2d 282; *State of New York v Stavola,* 135 AD2d 1038.) II. Assets which are exempt from levy or execution do not satisfy the Mental Hygiene Law article 43 condition precedent. (*Matter of Gallet,* 196 Misc 2d 303; *Matter of Jacob,* 92 Misc 2d 1027.)

*Eliot Spitzer, Attorney General,* Albany (*Michelle Aronowitz, Julie S. Mereson, Caitlin J. Halligan* and *Daniel Smirlock* of counsel), for respondent. I. Defendant's ability to pay the costs of her care and treatment is not a condition precedent to the State of New York's right to maintain an action to recover them pursuant to Mental Hygiene Law article 43. (*Langevin v State of New York,* 196 Misc 2d 809; *Matter of Seelen,* 87 Misc 2d 360; *State of New York v Ross,* 109 AD2d 937; *Matter of Osadchey,* 53 AD2d 960; *Matter of Colon,* 83 Misc 2d 344; *Brown v Stone,* 66 F Supp 2d 412; *Nicholson v Scoppetta,* 344 F3d 154.) II. It furthers the statutory scheme for the State of New York to reduce its claim to judgment before the statute of limitations expires. (*Matter of Piper,* 145 AD2d 97; *Matter of Halbauer,* 34 Misc 2d 458, 18 AD2d 966; *Matter of Gallet,* 196 Misc 2d 303; *Matter of Jacob,* 92 Misc 2d 1027; *Matter of Granwell,* 20 NY2d 91.)

## OPINION OF THE COURT

CIPARICK, J.

The issue presented by this appeal is whether a former psychiatric patient's ability to pay the costs of her care and treatment incurred at a state-operated psychiatric facility is a condi-

tion precedent to the State's right to maintain an action to recover those costs under article 43 of the Mental Hygiene Law. We hold that it is not.

Defendant was a patient at the state-operated South Beach Psychiatric Center from January 2, 1997 through March 11, 1997. Her care and treatment during this period were primarily covered by Medicare, but a balance of $12,160 remained unpaid. After defendant's release, the State discovered that, along with guaranteed income sources from Social Security and a private pension, defendant maintained an individual retirement account (IRA) with Emigrant Savings Bank valued in excess of $18,000 as of July 1, 2001. On May 9, 2002, the State commenced this Mental Hygiene Law article 43 action to recover the balance due for the cost of defendant's care and treatment.

Defendant, through her guardian ad litem, admitted that she owed the money claimed but moved to dismiss the complaint for failure to state a cause of action, on the ground that the complaint did not allege that defendant had the ability to pay. The State cross-moved for summary judgment asserting that Mental Hygiene Law article 43 does not require the ability to pay as a condition precedent to an action to recover the cost of services rendered. Additionally, the State maintained that the defendant was not indigent and had the ability to pay.

Supreme Court granted defendant's motion to dismiss for failure to state a cause of action, reasoning that although Mental Hygiene Law article 43 does not expressly require ability to pay, state courts have, nonetheless, required the State to prove ability to pay as a condition precedent to liability. Additionally, Supreme Court reasoned that since an IRA account is exempt from execution under CPLR 5205 (c), it cannot be deemed to satisfy the condition precedent. The Appellate Division reversed and granted summary judgment to the State, holding that the clear and unequivocal language of article 43 does not condition an action to recover costs on a patient's ability to pay. We granted defendant leave to appeal and now affirm.

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976]). The starting point is always to look to the language itself and "[w]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 91 [2001]).

The plain language of article 43 provides that an indigent patient need not pay for services at the time they are rendered, but remains liable for them (*see* Mental Hygiene Law § 43.01 [a]; § 43.03 [a]). The State may reduce or waive fees in cases of inability to pay, but acceptance of less than the full fee or the waiver of a fee or any part thereof shall not be construed to release a patient from liability for the entire cost of the care and treatment (*see* Mental Hygiene Law § 43.03 [b]). Also, in order to facilitate recovery, the State may file a lien to recover amounts due (*see* Mental Hygiene Law § 43.07 [b]). Furthermore, it is uncontested that article 43 grants the State the authority to recover the cost of defendant's care and treatment through an action commenced within six years from when the fees become due (*see* Mental Hygiene Law § 43.07 [c]).

Defendant maintains that article 43's legislative history and legislative intent require a showing of ability to pay. Before the Mental Hygiene Law was recodified in 1972, it differentiated between the requirements for contribution for services currently being rendered and recovery for services rendered. The pre-1972 Mental Hygiene Law allowed the State to seek contribution from certain designated third parties if they had "sufficient ability" to pay (*see* L 1966, ch 256, § 54; former Mental Hygiene Law § 24 [2]). Furthermore, the pre-1972 Mental Hygiene Law allowed the State to recover the cost of services rendered only from those former patients who subsequently acquired assets (*see* L 1966, ch 256, § 54; former Mental Hygiene Law § 24 [6]). Defendant asserts that since the pre-1972 Mental Hygiene Law conditioned recovery for services rendered on the existence of a patient's assets, the present Mental Hygiene Law must be likewise interpreted to require the patient's ability to pay as a condition precedent to liability.

Defendant supports this contention with a legislative memorandum from 1972 stating that the present Mental Hygiene Law article 43 "is substantially similar to existing [pre-1972] provisions" (Mem of Joint Legis Comm on Mental & Physical Handicap, 1972 McKinney's Session Laws of NY, at 3277, 3289). Defendant infers from this statement that the Legislature did not intend to change the requirement that the ability to pay be a condition precedent to commencing a recovery action.

In 1972, upon the merging of contribution and recovery in article 43, the Legislature removed the language conditioning liability on ability to pay. Indeed, the Legislature has specifically imposed such conditions precedent to recovery actions in other

statutes and could have done so here if that were its intent.* It clearly was not. Under article 43, a former patient remains liable for the cost of care and treatment regardless of ability to pay. The Legislature sought to confer upon the State the authority to recover costs for care and treatment from former patients, where possible.

The State's ability to obtain a judgment against defendant, regardless of defendant's present financial status, promotes the statutory scheme of the Mental Hygiene Law. Under defendant's interpretation, the State would have only six years from the date of the patient's release to obtain a judgment, and only if the patient had the ability to pay (see Mental Hygiene Law § 43.07). However, since a patient remains liable for the full amount of unpaid fees for care and treatment, the State can initiate suit regardless of the patient's current ability to pay, and thereby obtain a judgment that is subject to collection for 20 years (see CPLR 211 [b]). Thus, summary judgment was properly granted to the State. Having so found, it is unnecessary to address defendant's remaining contentions.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, without costs.

---

* It did so when providing, for example, for the recovery of public assistance payments from responsible relatives in Social Services Law § 101 (1) only "if of sufficient ability" and in an action for the recovery of birth expenses from unwed fathers, authorized in Social Services Law § 366 (3) (a), only if the father has "sufficient income" (Matter of Steuben County Dept. of Social Servs. v Deats, 76 NY2d 451, 459 [1990]).