**MENTAL DISABILITY LAW CLINIC, TOURO LAW CENTER,**
Plaintiff–Appellant,

v.

**Sharon CARPINELLO, in her capacity as Commissioner of the New York State Office of Mental Health, Defendant–Appellee.**

No. 04–6619–cv.

United States Court of Appeals, Second Circuit.

May 31, 2006.

William Brooks, Mental Disability Law Clinic, Touro College, Huntington, NY, for Appellant.

Marion R. Buchbinder, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York; Michael S. Belohlavek, Senior Counsel; and Mark Jensen, Law Intern, on the brief), New York, NY, for Appellee.

Present: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. RICHARD K. EATON, Judge.*

### SUMMARY ORDER

Plaintiff-appellant Mental Disability Law Clinic (the "Clinic") appeals from a judgment of the district court and contends, inter alia, that the district court erred in failing to reach its claims under the First Amendment and the Equal Protection Clause by concluding that New York prohibits "contingent" counterclaims. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ We begin by addressing two preliminary matters. First, we affirm the district court's conclusion that the Clinic, based on the allegations in the complaint, has both individual and associational standing to litigate this action for substantially the reasons given by the district court. We express no opinion as to whether the Clinic has standing based on the facts in the record, but leave it to the district court to rule on this issue in the first instance should the defendants choose

to make a summary judgment motion. Second, the defendants argue on appeal that this action is barred by res judicata. They have failed to argue, however, that the district court erred in any way in relying on Sinicropi v. Milone and finding that the defendants waived consideration of this argument by stipulating that the constitutionality of the state's counterclaim policy is an issue they wish to be decided in this litigation. See Sinicropi v. Milone, 915 F.2d 66, 68 (2d Cir.1990) (holding that parties may waive affirmative defenses of res judicata and collateral estoppel by stipulation, narrowing the issues before the court). Accordingly, we affirm the district court's finding that consideration of this issue has been waived. Moreover, since the district court's ruling, the defendants have filed an answer that does not raise the affirmative defense of res judicata, and thus have again waived the defense, which was available to them at the time of this filing. See Fed.R.Civ.P. 8(c); Grieve v. Tamerin, 269 F.3d 149, 154 (2d Cir.2001).

■ On the merits, the Clinic contends that the Office of Mental Health ("OMH") violates the First Amendment and the Equal Protection Clause when it assesses full care and treatment charges against indigent patients of state medical facilities and files a counterclaim for that amount pursuant to New York Mental Hygiene Law § 43.01 et seq. against a patient who has sued the state in the Court of Claims.[1] The district court did not reach the Clinic's constitutional claims because it held that

---

* The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

1. The statute provides that an indigent patient need not pay for services at the time they are rendered, but that he or she remains liable for them. N.Y. Ment. Hyg. Law § 43.01(a) & 43.03(a). The statute provides further that the state may reduce or waive fees for inability to pay, but that "[t]he acceptance of less than the full fee or the waiver of a fee or any part thereof shall not be construed to release a patient, his estate, committee or guardian, the trustee of a fund established for his support, or any fiduciary or payee of funds for or on behalf of a patient from liability for payment of the full fee." Id. § 43.03(b).

8

New York does not permit counterclaims that are contingent upon the plaintiff winning damages on his or her claims. The New York Court of Appeals, however, recently held that a patient's ability to pay is not a condition precedent to a claim for recovery of medical expenses by the state, noting that "the State can initiate suit regardless of the patient's current ability to pay, and thereby obtain a judgment that is subject to collection for 20 years." *State v. Patricia II,* 6 N.Y.3d 160, 162, 164, 811 N.Y.S.2d 289, 844 N.E.2d 743 (N.Y.2006) (internal citation omitted). The district court therefore erred in failing to reach the Clinic's constitutional claims.

■ Finally, we affirm, for substantially the reasons stated by the district court, the district court's conclusions that (1) the applicable state laws are not preempted by 42 U.S.C. § 1983, and (2) the same laws are not preempted by the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801 *et seq.* We affirm also, for substantially the reasons stated by the district court, the district court's denial in 2003 of plaintiffs' motion for summary judgment.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND the case for further proceedings consistent with this order.