■ In the Matter of NEW YORK STATE CRIME VICTIMS BOARD, on Behalf of NICOLE THOMPSON and Others, Respondent, v WILLIAM GORDON, Appellant. [887 NYS2d 283]—

Lahtinen, J. Appeal from an order of the Supreme Court (McDonough, J.), entered February 11, 2009 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a (3), denied respondent's motion to compel the Comptroller to pay him a portion of the net proceeds of a settlement.

Respondent, an inmate serving a lengthy prison sentence (*People v Gordon*, 235 AD2d 274, 274 [1997], *lv denied* 89 NY2d 1035 [1997]), commenced a medical malpractice claim against the State in 2005, which settled in 2008 for $150,000. The Court of Claims "so ordered" the stipulation of settlement as is required by statute (*see* Court of Claims Act § 20-a). Petitioner was apprised by the Comptroller's office of the impending settlement payment (*see* Court of Claims Act § 20 [6-a]; *see also* State Finance Law § 8 [12-g]) and, pursuant to the "Son of Sam Law" (*see* Executive Law § 632-a [3]), petitioner notified the three victims of respondent's crimes about the settlement.

After being informed that the victims intended to commence an action to obtain these settlement funds, petitioner sought a

preliminary injunction enjoining the funds from being disbursed to respondent (*see* Executive Law § 632-a [6]). Supreme Court granted the motion, except as to counsel fees and disbursements in the underlying Court of Claims action, leaving a net settlement amount of $101,188.96. Thereafter, respondent moved to compel payment to him of 10% of the net settlement amount pursuant to CPLR 5205 (k) and Executive Law § 632-a (3). Supreme Court denied the motion, holding that these statutes did not apply since the funds were received as a result of a settlement rather than a judgment. Respondent appeals.

The dispositive issue on appeal is whether the 10% exemption provided by CPLR 5205 (k) should be limited solely to litigation that results in a judgment and not include a settlement of pending litigation that has been so ordered by a judge. In 2001, the Legislature made significant amendments to the Son of Sam Law (*see* L 2001, ch 62, § 1) including, as relevant here, adding to Executive Law § 632-a (3) to provide that "where the civil action involves funds of a convicted person and such funds were recovered by the convicted person pursuant to a judgment obtained in a civil action, a judgment obtained pursuant to this section may not be subject to execution or enforcement against a portion thereof in accordance with subdivision (k) of [CPLR 5205]." Subdivision (k) was added to CPLR 5205 at the same time as the amendments to the Son of Sam Law (*see* L 2001, ch 62, § 11), and states in pertinent part: "Notwithstanding any other provision of the law to the contrary, where the judgment involves funds of a convicted person as defined in paragraph (c) of subdivision one of [Executive Law § 632-a], and all or a portion of such funds represent compensatory damages awarded by judgment to a convicted person in a separate action, a judgment obtained pursuant to such section [632-a] shall not be subject to execution or enforcement against the first ten percent of the portion of such funds that represents compensatory damages in the convicted person's action."

It is well settled that, when interpreting a statute, we attempt to effectuate the intent of the Legislature and the starting point for discerning such intent is the language of the statute (*see State of New York v Patricia II.*, 6 NY3d 160, 162 [2006]). Where the statute is "clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Matter of Orens v Novello*, 99 NY2d 180, 185 [2002] [internal quotation marks and citations omitted]). Although the two germane statutes use only the word "judgment," we note that, historically, there has been some limited flexibility permitting an order to be treated as a judgment. For example, CPLR 2222 permits an order directing the payment of money to

be docketed as a judgment and CPLR 5101 directs that the enforcement provisions of CPLR article 52 apply to "[a] money judgment and an order directing the payment of money." Moreover, courts have on occasion treated orders as tantamount to judgments depending on the particular circumstances (*see DiBella v Martz*, 58 AD3d 935, 937 [2009]; *State of New York v Wolowitz*, 96 AD2d 47, 54 [1983]; *Gates-Chili Cent. School Dist. v State of New York*, 55 AD2d 44, 46-47 [1976]). Commentators have also noted that, in some situations, orders may be treated as equivalent to judgments (*see e.g.* Siegel, NY Prac §§ 250, 433, 481, 530 [4th ed]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5101.00).

In light of such authority and the fact the Legislature is presumed to have knowledge of pertinent statutes and precedent (*see* McKinney's Cons Laws of NY, Book 1, Statues § 191), we are unpersuaded that the use of the word "judgment" by the Legislature in these statutes revealed a clear and unambiguous intent by that body to exclude from CPLR 5205 (k) a "so ordered" settlement of pending litigation. The legislative history reveals no such intent and no cogent reason has been advanced for such an exclusion. The legislative memorandum in support of the law states that, "recognizing that convicted criminals who are themselves victims of tortious or wrongful acts should have incentives to seek redress in the courts, the bill includes a provision allowing them to retain 10 percent of compensatory damages less attorney's fees" (Senate Mem in Support, 2001 McKinney's Session Laws of NY, at 1312). The language in the Governor's memorandum upon approving the legislation essentially mirrored the legislative memorandum as to this issue (*see* Governor's Mem, 2001 McKinney's Session Laws of NY, at 1228). Neither the Legislature nor the Governor made any mention of the law applying only to judgments and not "so ordered" settlements. The Governor listed three "important limitations" (Governor's Mem, 2001 McKinney's Session Laws of NY, at 1228), none of which is even remotely related to making a distinction between judgments and orders directing the payment of money.

Construing the statutes in the fashion urged by petitioner potentially punishes an inmate litigant who settles a claim rather than pursuing the matter to verdict after trial. This produces a result directly contrary to "this State's public policy of encouraging the expeditious settlement of claims" (*Matter of Eighth Jud. Dist. Asbestos Litig.*, 8 NY3d 717, 723 [2007]). Moreover, such a narrow interpretation of the statute could have a negative impact on victims by reducing the availability of potential funds by essentially eliminating the settlement op-

tion from inmate litigation. Where, as here, there is a court order that fully resolves the claim and directs the payment of money, it should be treated as tantamount to a judgment as that term is used in CPLR 5205 (k). Respondent is thus entitled to have $10,118.90 (10% of net amount of $101,188.96) released to him.

Peters, J.P., Rose, Kane and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion granted.