■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, PA., Appellant, v STATE OF NEW YORK, Respondent. [901 NYS2d 176]—

Order of the Court of Claims of the State of New York (Melvin L. Schweitzer, J.), entered December 9, 2008, which denied claimant's motion for summary judgment and granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Contrary to claimant's contention, this is an action under Insurance Law § 3420. In both its motion for leave to file a late notice of claim and its amended claim, claimant relied on Insurance Law § 3420 (a) (2). Furthermore, "the subrogee possesses only such rights as the subrogor possessed, with no enlargement or diminution" (*Allstate Ins. Co. v Stein*, 1 NY3d 416, 421 [2004] [internal quotation marks omitted]). Under the common

law, the subrogors (Chase Manhattan Bank and Morse Diesel International) would have been able to sue Red Ball Interior Demolition Corp. (the alleged wrongdoer), but they would not have been able to sue the State Insurance Fund (Red Ball's insurer), with whom they had no contractual relationship (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 353 [2004]). Like claimant, Chase and Morse Diesel would have had to use Insurance Law § 3420 to sue the State Insurance Fund. However, "the State Insurance Fund is exempt from the requirements of Insurance Law § 3420 (a) and (b)" due to Insurance Law § 1108 (c) (*see Kenmore-Tonawanda School Dist. v State of New York*, 38 AD3d 203 [2007], *lv denied* 10 NY3d 702 [2008]), and we decline to depart from this precedent, which the Court of Appeals chose not to review.

Even if, arguendo, Insurance Law § 3420 applied to the State Insurance Fund, Chase and Morse Diesel did not obtain a judgment against Red Ball, which is a condition precedent to a direct suit against Red Ball's insurer (*see Lang*, 3 NY3d at 352, 354). Contrary to claimant's contention, *Lang* is applicable even though the claim was filed before *Lang* was decided (*see Weierheiser v Hermitage Ins. Co.*, 17 AD3d 1133, 1134 [2005]; *see also Geissler v Liberty Mut. Ins. Co.*, 23 AD3d 432, 433 [2005]). Furthermore, we decline to consider claimant's argument, made for the first time in its reply brief on appeal, that we should hold this appeal in abeyance while it attempts to obtain a money judgment. Although orders are sometimes treated as judgments (*see Matter of New York State Crime Victims Bd. v Gordon*, 66 AD3d 1213, 1214 [2009]), the kind of order that *Gordon* permitted to be treated as a judgment was one directing the payment of money (*id.* at 1214-1215). By contrast, the order obtained by Chase and Morse Diesel set the matter down for an inquest, which never occurred.

In view of the foregoing, it is not necessary to reach claimant's remaining arguments. Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.