OPINION OF THE COURT
Henry F. Zwack, J.
Defendant Town of Kinderhook moves for an order pursuant to CPLR 3212 granting it summary judgment and dismissing the plaintiffs complaint. Plaintiff Village of Valatie opposes defendant’s motion and cross-moves for summary judgment, or alternatively to amend its complaint.
On March 4, 2012, while responding to a mutual aid call made by the defendant, a fire truck owned by the plaintiff struck a row of mailboxes, was damaged, and thereafter underwent considerable repairs as a consequence of the accident. On March 6, 2012, the plaintiffs insurance company contacted the defendant’s insurance company seeking payment for the repairs — after failed negotiations — the defendant’s insurance company tendered a check dated April 26, 2012 in the amount of $17,280.89 in payment of the damages to the plaintiff. On May 16, 2012 the plaintiff’s insurance company paid plaintiff $24,168.44 for the repair of the subject vehicle, and demanded reimbursement from the defendant’s insurance company under its subrogation rights pursuant to the plaintiff’s insurance policy. On July 9, 2012, defendant’s insurance company reiterated its $17,280.89 offer to settle the claim for damage to plaintiffs vehicle. On November 9, 2012, plaintiff commenced this action by filing of a summons with notice, seeking, pursuant to General Municipal Law § 209, to recover $24,168.44 for the damage sustained in the March 4, 2012 accident.
Defendant, in its answer, asserted the affirmative defense that the plaintiff failed to comply with the notice requirement under General Municipal Law § 209 (2), claiming plaintiff failed to give written notice, or notice by any other means, to the defendant’s town clerk, and sought to dismiss plaintiffs complaint. In opposition, plaintiff asserts that defendant had actual knowledge of the claim — pointing to the defendant’s insurance agent being notified within two days of the accident and the extensive negotiation between the parties’ respective insurance agents— and argues defendant had notice well within the 60-day notice the statute requires. The question then becomes whether the *947 defendant was given the requisite notice to permit the claim for damages to be allowed. Here, the court has reviewed the record, particularly considering the email and correspondence exchange between the parties’ insurance agents.
General Municipal Law § 209 (2) states, in part, that
“[n]o . . . claim . . . shall be allowed unless, within sixty days after such loss or damage has been sustained, or such expense has been incurred . . . written notice thereof be served by mail or otherwise on the . . . town clerk of the town in relation to the territory in the town located as aforesaid, from which issued the call for assistance.”
Unequivocally, plaintiff did not, within 60 days of the accident, serve a written notice of claim on the defendant’s town clerk (General Municipal Law § 209 [2]). Albeit plaintiff’s complaint alleges written notice of the loss was served within 60 days of the accident, that is simply not corroborated by proof of service of the notice of claim or by other supporting affidavit, and is absolutely refuted by Kimberly A. Pinkowski, defendant’s town clerk, who states that she did not receive any written notice of the accident, and that prior to January 22, 2013 she had no notice of it. Further, a review of the copies of email and correspondence exchanged between the parties’ insurance agents shows no copy being provided to the defendant or its town clerk. As well, the defendant’s town board minutes, beginning March 8, 2012 and continuing to July 26, 2012, include no mention of the March 4, 2012 accident or the communications exchanged between the parties’ insurance agents.
Now, plaintiff offers two arguments why its late notice of claim should be allowed: first, that notification to defendant’s insurance agent within days of the accident was prompt notice to defendant and therefore defendant sustained no prejudice; second, defendant should be estopped from asserting the late notice defense on account of its settlement conduct. Here, plaintiff argues General Municipal Law § 50-e (5), which allows a claimant under section 50-e to apply for leave to serve a late notice of claim, is applicable and the court should permit plaintiffs late notice of claim. In the court’s view, plaintiffs reliance on section 50-e is misplaced. Simply stated, General Municipal Law § 209 contains no provision for a late notice, nor does it afford the court the authority to permit a late notice of claim. The court is mindful, where the statutory language is clear and explicit, the plain language of the statute is the court’s *948 best guide of the legislative intent (Matter of Suffolk Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 11 NY3d 559, 571 [2008]; State of New York v Patricia II., 6 NY3d 160, 162 [2006]; Desiderio v Ochs, 100 NY2d 159, 169 [2003]) and the time period is to be strictly construed. Further, although no facts have been demonstrated here to show that the defendant acted to delay the filing of a notice of claim by the plaintiff, equitable estoppel is not generally applicable to a municipal entity acting in its governmental capacity (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88 [1981]).
Certainly, defendant, by submission of admissible proof, has established entitlement to summary judgment and dismissal of plaintiffs complaint as a matter of law (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966 [1988]). Here, defendant’s proof that plaintiff failed to adhere to the statutory prerequisite for the allowance of its claim — that plaintiff failed to serve a notice of the claim upon the town clerk within 60 days of loss, damage or expense (General Municipal Law § 209 [2]) — is uncontroverted. Thus, to defeat defendant’s motion for summary judgment, plaintiff is tasked with the burden of demonstrating the existence of “facts sufficient to require a trial” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]) — which the court finds that plaintiff has utterly failed to do (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]).
Accordingly, it is ordered, that the defendant’s motion for an order granting summary judgment is hereby granted and the plaintiffs complaint is dismissed, and it is further ordered, that the plaintiffs cross motion for summary judgment is denied, as is the plaintiffs motion to amend its complaint.