■ MICHAEL P. THOMAS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents, et al., Defendant. [52 NYS3d 855]—

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 15, 2016, which granted defendants-respondents' motion to dismiss the amended complaint as against them, unanimously affirmed, without costs.

In this taxpayer action, plaintiff Michael P. Thomas, alleges, among other things, that defendant Department of Education (DOE) and defendant Chancellor Farina engaged in fraudulent and/or wasteful acts in connection with defendant Communications Workers of America District One's (CWA) use of public school property to host a meeting with Mayor Bill de Blasio, and that the Office of the Special Commissioner of Investigation for the New York City School District (SCI) fraudulently concealed such conduct.

Plaintiff does not deny that CWA was charged, and paid, the customary fees set by the DOE for use of public school premises, including custodial and security costs. Accordingly, the grant of use of the school premises to CWA does not constitute a gift of money in violation of the New York State Constitution (*see* NY Const, art VIII, § 1). Moreover, because no expenditure was accompanied by fraud or for an entirely illegal purpose, no cause of action lies under General Municipal Law § 51 (*see Godfrey v Spano*, 13 NY3d 358, 373 [2009]). In addition, plaintiff may not use a taxpayer action to correct technical or procedural irregularities by the DOE or to review determinations allegedly made in violation of law (*see Beresford Apts. v City of New York*, 238 AD2d 218, 219 [1st Dept 1997], *lv denied* 89 NY2d 815 [1997]).

Plaintiff, who failed to allege an intent to deceive, has not pleaded a cause of action for fraudulent misrepresentation or bad faith against SCI (*see Guberman v Rudder*, 85 AD3d 683, 684 [1st Dept 2011]; *see also Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]), and his conclusory allegations lack the requisite specificity (*see* CPLR 3016 [b]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.