Mulvey, J.
 

 Appeal from an order of the Supreme Court (Lebous, J), entered June 22, 2016 in Broome County, which, among other things, granted a motion by defendant Cincinnati Insurance Company for dismissal of the complaint against it.
 

 Plaintiff leased the subject premises from defendant Cornelius Enterprises, LLC for the operation of its business. After the premises was allegedly damaged by weather in 2013, Cornelius reportedly failed to make repairs as requested by plaintiff. According to plaintiff, leaking water resulted in the development of mold, causing various damage and necessitating a relocation of its business. Plaintiff attempted to negotiate a settlement of the damage claim with Cornelius’ insurance carrier, defendant Cincinnati Insurance Company. According to plaintiff, a representative of Cincinnati initially indicated to plaintiff that it would pay the claim upon completion of its investigation, but Cincinnati later advised plaintiff that it could find no basis for legal liability on the part of Cornelius and denied coverage.
 

 Plaintiff thereafter commenced this action against both Cornelius and Cincinnati in July 2015 alleging, as against Cincinnati, claims for breach of contract as a third-party beneficiary of Cornelius’ policy with Cincinnati and breach of the duty of good faith. Cincinnati filed an answer, asserting, among other defenses, that plaintiff lacked standing and failed to state a cause of action. Cincinnati also moved for dismissal of the complaint against it on these grounds (see CPLR 3211 [a] [3], [7]; 3212). Plaintiff cross-moved for leave to serve an amended complaint. Supreme Court granted Cincinnati’s motion, dismissing the complaint against it based upon plaintiff’s lack of standing and failure to state a cause of action. The court also denied plaintiff’s cross motion to amend. Plaintiff appeals.
 

 We affirm. Initially, plaintiff has limited its arguments on appeal to that portion of Supreme Court’s order that granted Cincinnati’s motion dismissing the complaint against it. By failing in its brief to address any arguments addressed to the denial of its motion to amend its complaint, plaintiff has abandoned any claims with regard thereto (see JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1199 [2017]). Thus, while plaintiff’s brief primarily argues the merits of the causes of action asserted in its proposed amended complaint, these contentions will not be addressed as plaintiff does not contest the court’s ruling denying its motion to amend the complaint.
 

 Turning to Supreme Court’s dismissal of plaintiff’s claims against Cincinnati, it was well-established under the common law that an injured party has no direct cause of action against the insurer of a tortfeasor (see Lang v Hanover Ins. Co., 3 NY3d 350, 353 [2004]; Jackson v Citizens Cas. Co., 277 NY 385, 389 [1938]). That is, an injured party, as a stranger to the policy between the insured tortfeasor and its insurer, could not, at common law, bring a claim against the tortfeasor’s insurer due to the lack of privity between the injured party and the insurer, even where the injured party had obtained a judgment against the insured (see id.). As a result of the hardships and inequities this rule created, the Legislature created a “limited statutory cause of action on behalf of injured parties directly against insurers,” which is applicable where the injured party has obtained a judgment against an insured and the judgment has gone unsatisfied for 30 days (Lang v Hanover Ins. Co., 3 NY3d at 354; see Insurance Law § 3420 [b] [l]-[3]). It is undisputed that plaintiff has not obtained a judgment against Cornelius, which is “a condition precedent to a direct action” against Cincinnati as Cornelius’ insurer and, thus, plaintiff cannot avail itself of this limited statutory cause of action (Lang v Hanover Ins. Co., 3 NY3d at 354).
 
 *
 
 Thus, even liberally construing the complaint, accepting the facts as alleged as true and affording plaintiff the benefit of every inference, plaintiff has not stated a statutory cause of action against Cincinnati (see CPLR 3211 [a] [7]; ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 227 [2011]). As plaintiff is not a named insured under the policy and did not obtain a judgment against Cornelius, Supreme Court properly granted Cincinnati’s motion dismissing the complaint due to plaintiff’s lack of standing and failure to state a cause of action (see Lang v Hanover Ins. Co., 3 NY3d at 354-355; see also Symonds v Progressive Ins. Co., 80 AD3d 1046, 1047 [2011]).
 

 Peters, P.J., Garry, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, with costs.
 

 *
 

 While plaintiff also alleged in its complaint that it could assert claims against Cincinnati as an intended third-party beneficiary of the policy between Cornelius and Cincinnati (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011]; Orange Handling v American Mfrs. Mut. Ins. Co., 245 AD2d 768, 769 [1997]), plaintiff presents no arguments in its brief to that end and does not challenge Supreme Court’s dismissal of this claim, which is deemed to have been abandoned (see Antich v McPartland, 293 AD2d 953, 953 n 1 [2002]; Bombard v Central Hudson Gas & Elec. Co., 205 AD2d 1018, 1020 [1994], lv dismissed 84 NY2d 923 [1994]).