Carr v Haas (2018 NY Slip Op 05244)





Carr v Haas


2018 NY Slip Op 05244


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

525461

[*1]BRIAN P. CARR, Appellant,
v
MICHAEL R. HAAS et al., Defendants, and MARSH USA, INC., et al., Respondents.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Brian Carr, Albany, appellant pro se.
Goldberg Segalla LLP, Albany (William H. Baaki of counsel), for Marsh USA, Inc., respondent.
Traub Lieberman Straus and Shrewsberry LLP, Hawthorne (Gregory Perrotta of counsel), for Greenwich Insurance Company and another, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from an order of the Supreme Court (Ryba, J.), entered December 23, 2016 in Albany County, which, among other things, granted certain defendants' motions for dismissal of the amended complaint against them, and (2) from an order of said court, entered August 7, 2017 in Albany County, which finalized a stipulation of discontinuance.
In December 2015, plaintiff's car was allegedly damaged when it was struck by a tractor trailer owned by defendant Brenntag Northeast, Inc., a subsidiary of defendant Brenntag North America, Inc. (hereinafter collectively referred to as Brenntag), driven by defendant Michael R. Haas, Brenntag's employee, and insured by defendants Greenwich Insurance Company and XL Insurance America, Inc. (hereinafter collectively referred to as XL Insurance). As a result, plaintiff commenced the instant action asserting a direct cause of action for property damage against Haas, Brenntag and XL Insurance and a second cause of action sounding in fraud, premised upon a purported scheme to withhold the true identity of the tractor trailer's insurer, [*2]against all named defendants except Haas. Defendant Marsh USA, Inc., Brenntag's insurance broker, defendant Sedgwick Claims Management Service, Inc., Brenntag's claims adjuster, and XL Insurance separately moved for dismissal of the amended complaint (see CPLR 3211, 3212). Plaintiff opposed all three motions and also cross-moved to amend his amended complaint and to compel certain disclosure from Haas, Brenntag and Marsh USA. In December 2016, Supreme Court granted the motions by Marsh USA, Sedgwick and XL Insurance, dismissing the amended complaint against them, and denied plaintiff's cross motion in its entirety [FN1]. In August 2017, following settlement negotiations and upon plaintiff's consent, Supreme Court finalized a stipulation of discontinuance, discontinuing all causes of action, with prejudice, against Haas, Brenntag and Sedgwick. Plaintiff appeals from both the December 2016 order and the August 2017 order.
Initially, plaintiff's appeal from Supreme Court's August 2017 order must be dismissed, as no appeal lies from an order entered upon consent (see CPLR 5511; Matter of O'Sullivan v Schebilski, 138 AD3d 1170, 1172 [2016]; Matter of Daniel B., 127 AD3d 1178, 1179 [2015]; Cooper v Number 535 Park Ave., 73 AD3d 433, 434 [2010]; United Tit. Agency, LLC v Surfside-3 Mar., Inc., 65 AD3d 1134, 1134 [2009]). As the August 2017 order discontinued the instant action against Haas, Brenntag and Sedgwick only, we will evaluate the December 2016 order only as to XL Insurance and Marsh USA (hereinafter collectively referred to as defendants).
Turning to the December 2016 order, we agree with Supreme Court that plaintiff lacks standing to sue XL Insurance for payment of his property damages claim. It is well-established that a plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer due to the lack of privity between them (see Lang v Hanover Ins. Co., 3 NY3d 350, 353-354 [2004]; GM Broadcasting, Inc. v Cornelius Enters., LLC, 156 AD3d 1038, 1039-1040 [2017]; National Union Fire Ins. Co. of Pittsburgh, Pa. v State of New York, 72 AD3d 620, 620-621 [2010], lv denied 16 NY3d 703 [2011]). Insurance Law § 3420 creates a limited statutory cause of action on behalf of injured parties directly against insurers, but that provision is only applicable where the injured party has obtained a judgment against the insured and the judgment has gone unsatisfied for 30 days (see Insurance Law § 3420 [b] [1]-[3]; Lang v Hanover Ins. Co., 3 NY3d at 354; GM Broadcasting, Inc. v Cornelius Enters., LLC, 156 AD3d at 1040). Here, it is undisputed that plaintiff has not obtained a judgment against Brenntag, which is a condition precedent to a direct suit against XL Insurance as Brenntag's insurer; thus, plaintiff cannot avail himself of the limited statutory cause of action (see Lang v Hanover Ins. Co., 3 NY3d at 355; GM Broadcasting, Inc. v Cornelius Enters., LLC, 156 AD3d at 1040; National Union Fire Ins. Co. of Pittsburgh, Pa. v State of New York, 72 AD3d at 621; Azad v Capparelli, 51 AD3d 956, 956 [2008]).
We also agree with Supreme Court that plaintiff's cause of action sounding in fraud was [*3]not pleaded with sufficient particularity to satisfy CPLR 3016 (b). A cause of action sounding in fraud requires that there be a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation and damages (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Cruciata v O'Donnell & McLaughlin, Esqs., 149 AD3d 1034, 1035 [2017]).
In his complaint, plaintiff broadly alleges that defendants "knowingly misrepresented the required insurance carrier for the [tractor trailer]," "engaged in a practice of obscuring and delaying any claims without any serious effort to reach an equitable settlement" and are "pursuing [a] strategy of confusion and misrepresentations for profit." He bases these allegations on the fact that the insurance card provided by Haas at the time of the accident failed to specify the tractor trailer's insurer and that his subsequent efforts to contact said insurer were excessively circuitous. Accepting plaintiff's allegations as true and according him every favorable inference, as we must (see Harris v Reagan, 161 AD3d 1346, 1348 [2018]; Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 [2017]), we find that the amended complaint is devoid of any factual support for plaintiff's broad assertions. The fact that there was some confusion regarding the insurer of the tractor trailer is, without more, insufficient to demonstrate defendants' knowledge of the alleged misrepresentation's falsity and an intent to induce plaintiff's reliance thereon (see Carlson v American Intl. Group, Inc., 30 NY3d at 310; Thomas v New York City Dept. of Educ., 151 AD3d 412, 413 [2017]; Jonas v National Life Ins. Co., 147 AD3d 610, 612 [2017]; see generally Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559-560). Accordingly, as plaintiff's pleading failed to satisfy the requirements of CPLR 3016 (b), Supreme Court properly dismissed plaintiff's second cause of action.
As a final matter, neither plaintiff's proposed amendments to his amended complaint nor the requested discovery would confer standing to sue XL Insurance upon him or cure the pleading deficiencies. Thus, although Supreme Court incorrectly stated that he failed to submit a properly notarized affidavit and proposed amended complaint with his cross motion, we need not decide whether the court should have granted plaintiff leave to serve a second amended complaint. Accordingly, Supreme Court properly dismissed the amended complaint against defendants.
Plaintiff's remaining contentions, to the extent not expressly addressed herein, have been considered and are either academic in light of our decision or without merit.
Garry, P.J., McCarthy, Rumsey and Pritzker, JJ., concur.
ORDERED that the order entered December 23, 2016 is affirmed, without costs.
ORDERED that the appeal from the order entered August 7, 2017 is dismissed, without costs.



Footnotes

Footnote 1:The record reflects that plaintiff brought two separate cross motions, which, in relevant part, sought leave to make different amendments to the amended complaint. Although it appears that Supreme Court did not address plaintiff's second cross motion in its December 2016 order, any error resulting from the apparent oversight is academic in light of our holding herein.