People v Simmons (2022 NY Slip Op 00284)





People v Simmons


2022 NY Slip Op 00284


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern
Peter H. Moulton Manuel Mendez Martin Shulman John R. Higgitt


Ind. No. 2492/16 Appeal No. 14901 Case No. 2019-3122 

[*1]The People of the State of New York Respondent,
v
Frankie Simmons, Defendant-Appellant.



Defendant appeals from the judgment of the Supreme Court, New York County (Ellen N. Biben, J.), rendered February 19, 2019, convicting him, upon his plea of guilty, of assault in the first degree as a sexually motivated felony and attempted burglary in the second degree, and sentencing him to an aggregate term of 12 years.




Caprice R. Jenerson, Office of The Appellate Defender, New York (Karena Rahall and Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip V. Tisne and Ellen Stanfield Friedman of counsel), for respondent.



KERN, J.


Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree as a sexually motivated felony and attempted burglary in the second degree, and sentencing him to concurrent terms of 12 and 3 years, respectively. The main issue on appeal is whether defendant was properly certified and required to register as a sex offender under the Sex Offender Registration Act (SORA) based on his conviction of assault in the first degree as a sexually motivated felony. We find that the certification was improper and therefore vacate that part of the judgment.
According to the felony complaint by Officer Marcelin Alvarez, a woman informed Alvarez that at around 2:15 a.m. on May 26, 2016, she noticed defendant following her for about one block to a residential building located at 310 First Avenue in Manhattan. The woman stated that as defendant entered the vestibule of the building, she closed the second set of doors behind her before defendant was able to gain further access to the building. Surveillance video showed defendant entering the vestibule, unsuccessfully attempting to open the second set of doors and peering through the doors into the lobby before he departed.
A second woman told Alvarez that she was walking on East 18th Street between First and Second Avenues when a man grabbed her from behind, placed his arms around her neck and applied pressure until she lost consciousness. She stated that she awoke to find herself on the ground with her skirt lifted and her underwear pulled down below her buttocks. Her cellphone was also missing from her person. The police arrived, and the second woman was taken to the hospital, where a rape kit was performed. The second woman sustained swelling and bruising to her face, eyes, mouth, arms, and legs, abrasions to her face, elbows, and knees and a broken orbital plate that ultimately required surgery. A taxi driver told Alvarez that after he picked up defendant in his taxi in the vicinity of East 19th Street and First Avenue and dropped him off on the Lower East Side, he found a phone in the taxi, which he gave to the police. The second woman identified the phone found in the taxi as her phone, which she had not given anyone permission to take or possess.
On June 6, 2016, defendant surrendered and was arrested. Defendant told police that he had been at a nightclub on the night of the attack [*2]and was "really drunk" and that he "chose to do something really stupid" that night. He admitted that he had "assaulted a girl," but stated that he was "a really nice guy" and that "it is just unfortunate that [he] did something dumb like that." Defendant further stated that he "regret[ted] everything" and wished that he could "let her know that [he was] really sorry" and that he was "not even that type of guy."
Defendant was charged in a multicount indictment with, among other crimes, first-degree assault as a sexually motived felony (Penal Law §§ 120.10[4] and 130.91) and second-degree attempted burglary (Penal Law § 110 - 140.25[2]). On December 11, 2018, the People agreed to permit defendant to plead guilty to those charges in full satisfaction of the indictment, and the trial court agreed to sentence defendant to 12 years in prison and five years of postrelease supervision on the assault charge, to run concurrently with a sentence of three years in prison and three years of postrelease supervision on the attempted burglary charge.
On December 20, 2018, defendant pleaded guilty to assault in the first degree as a sexually motivated felony and attempted burglary in the second degree. He admitted that he had committed the acts alleged in the counts of the indictment to which he was pleading guilty. The parties submitted presentencing memoranda on the issue of whether defendant was required to register as a sex offender pursuant to SORA, and on February 19, 2019, the court found that first-degree assault as a sexually motivated felony is a registerable offense under SORA. The court reasoned that defendant's contrary interpretation of SORA's definition of sex offenses in Correction Law § 168-a (2) "would exclude the majority of the crimes listed in Penal Law § 130.91 [i.e. sexually motivated felonies] from the registration requirements of SORA, an absurd result that would directly undermine the policy and purpose of the statute." However, the court acknowledged that "[c]ourts of concurrent jurisdiction[] have reached the opposite conclusion."
On February 19, 2019, defendant was sentenced to concurrent terms of 12 and 3 years, in accordance with the plea agreement. During the sentencing proceeding, the court certified defendant as a sex offender pursuant to SORA based on his conviction of first-degree assault as a sexually motivated felony.
The primary issue on this appeal is whether the crime of assault in the first degree as a sexually motivated felony is a registerable sex offense under SORA. This is an issue of first impression in this Court. In 1996, the legislature enacted SORA, which requires a defendant to register as a sex offender if the defendant is convicted of a "sex offense" or a "sexually violent offense" as those are defined in Correction Law § 168-a(2) and (3). Prior to 2007, Correction Law § 168-a(2)(a) stated as follows:
"'Sex offense' means: (i) a conviction of or a conviction for an attempt to commit any of the provisions [*3]of sections 120.70, 130.20, 130.25, 130.30, 130.40, 130.45, 130.60, 230.34, 230.34-a, 250.50, 255.25, 255.26 and 255.27 or article two hundred sixty-three of the penal law, or section 135.05, 135.10, 135.20 or 135.25 of such law relating to kidnapping offenses, provided the victim of such kidnapping or related offense is less than seventeen years old and the offender is not the parent of the victim, or section 230.04, where the person patronized is in fact less than seventeen years of age, 230.05, 230.06, 230.11, 230.12, 230.13, subdivision two of section 230.30, section 230.32, 230.33, or 230.34 of the penal law, or section 230.25 of the penal law where the person prostituted is in fact less than seventeen years old, or
(ii) a conviction of or a conviction for an attempt to commit any of the provisions of section 235.22 of the penal law, or
(iii) a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committedor attempted as a hate crime defined in section 485.05 of the penal law or as a crime of terrorism defined in section 490.25 of such law; or [other offenses not at issue here]" (Correction Law § 168-a[2][a]).
In 2007, the legislature enacted Penal Law § 130.91, also known as the sexually motivated felony statute. Pursuant to Penal Law § 130.91(1), "[a] person commits a sexually motivated felony when he or she commits a specified offense for the purpose, in whole or substantial part, of his or her own direct sexual gratification." Thirty specified offenses are enumerated in Penal Law § 130.91(2), including the offense at issue here, first-degree assault. That same year, after the enactment of Penal Law § 130.91, the legislature also amended subparagraph (iii) of Correction Law § 168-a(2)(a) to add certain sexually motivated felony offenses to the definition of "sex offense." "Sex offense" is defined under section 168-a(2)(a)(iii), as amended, as:
"a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committedor attempted as a hate crime defined in section 485.05 of the penal law or as a crime of terrorism defined in section 490.25 of such law or as a sexually motivated felony defined in section 130.91 of such law; or [other offenses not at issue here]" (Correction Law § 168-a[2][a] [emphasis added]).
The question before us now is whether the definition of "sex offense" under Correction Law § 168-a(2)(a) includes all the sexually motivated felony offenses listed in Penal Law § 130.91 or only those sexually motivated felony offenses that are based on offenses listed in subparagraphs (i) and (ii) of Correction Law §168-a(2)(a). Based on the clear and unambiguous text of Correction Law § 168-a(2)(a), we find that the only sexually motivated felony offenses that are included in the definition of "sex offense," and therefore registerable under SORA, are those based on offenses listed in subparagraphs (i) and (ii) of that provision.
"Where the language [*4]of a statute is clear and unambiguous, courts must give effect to its plain meaning" (State of New York v Patricia II., 6 NY3d 160, 162 [2006]; Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). "[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394 [1995] [internal quotation marks omitted]). "Also, an inference must be drawn that what is omitted or not included was intended to be omitted and excluded" (id. [internal quotation marks omitted]).
We find that, based on the clear and unambiguous text of Correction Law § 168-a (2)(a), first-degree assault as a sexually motivated felony is not a registerable offense under SORA because first-degree assault is not one of the enumerated offenses in subparagraphs (i) or (ii) of that provision. Subparagraph (iii) of Correction Law § 168-a (2)(a), as amended, includes in the definition of sex offense "a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committed or attempted as a sexually motivated felony defined in section 130.91 of such law" (emphasis added). Thus, according to the clear language of the statute, a defendant who is convicted of a sexually motivated felony offense can only be required to register under SORA if the underlying offense is specifically included as one of the Penal Law provisions listed in subparagraphs (i) and (ii) of Correction Law § 168-a(2)(a), which are the only "foregoing sections" in the definition of sex offenses. As it is undisputed that assault in the first degree is not one of the Penal Law provisions listed in subparagraph (i) or (ii) of Correction Law § 168-a(2)(a), assault in the first degree as a sexually motivated felony is not a registerable offense under SORA. When the legislature amended the statute, it could easily have included all sexually motivated felonies in the definition of "sex offense." However, based on the clear wording of the amendment, the legislature chose to include only certain sexually motivated felonies in the definition of "sex offense," and we must give effect to the plain meaning of the statute, as amended (see Patrolmen's Benevolent Assn., 41 NY2d at 208).
The People's interpretation of Correction Law § 168-a(2)(a), i.e., that all sexually motivated felony offenses are registerable under SORA, is inconsistent with the clear text of the statute, which unambiguously limits its applicability to offenses enumerated in subparagraphs (i) and (ii). The People rely on legislative history, quoting a statement in the Governor's approval memorandum that the bill would amend SORA's "list of registerable crimes in Correction Law §168 so that a defendant convicted of a Sexually Motivated Felony will be required to register" (Governor's Approval Mem, Bill Jacket, L 2007, ch 7, § 10[*5], eff. April 13, 2007) and an identical statement in the Senate Introducer's Memorandum. Although "it is appropriate to consider legislative history even where a statute's plain meaning is clear" (Kimmel v State of New York, 29 NY3d 386, 408 [2017]), "[c]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of statutes" (People v Pagan, 19 NY3d 368, 370 [2012] [internal quotation marks omitted]). In any event, the remarks quoted by the People are too vague to establish that the legislature intended to include all sexually motivated felony offenses as registerable under SORA. The remarks do not go so far as to state that a conviction of "any" sexually motivated felony would be required to register, but merely refer to "a" sexually motivated felony conviction, which could mean that the statement applies only to certain convictions.
The People's reliance on the Sex Offender Management and Treatment Act (SOMTA) as support for their assertion that the legislature intended to include all sexually motivated felony offenses as registerable under SORA is also misplaced. At the same time the legislature enacted the sexually motivated felony statute (Penal Law § 130.91), it enacted SOMTA (Mental Hygiene Law, art 10 [L 2007, ch 7, § 2]), which provides that an offender convicted of a felony that was sexually motivated could be subject to sex offender civil management when their prison term expires. The purpose of SOMTA was to create "comprehensive reforms to enhance public safety by allowing the State to continue managing sex offenders upon the expiration of their criminal sentences, either by civilly confining the most dangerous recidivistic sex offenders, or by permitting strict and intensive parole supervision of offenders who pose a lesser risk of harm" (Governor's Program Bill Mem, Bill Jacket, L 2007, ch 7 at 5; see Senate Introducer's Mem in Support, Bill Jacket, L 2007, ch 7 at 19). Even if, as the People suggest, the enactment of SOMTA was also meant to expand the sex offender registration requirement under SORA to apply to a defendant convicted of any sexually motivated felony, a careful reading of Correction Law § 168-a(2)(a), as amended, demonstrates that SOMTA did not accomplish its intended task. It is undisputed that first-degree assault is not among the offenses enumerated in Correction Law § 168-a(2)(a), even after its amendment following the enactment of SOMTA. The People's interpretation of SOMTA and its effect on SORA does not change the plain and clear language of Correction Law § 168-a(2)(a), which the same legislature enacted.
The Second Department recently addressed the issue of whether SORA requires registration of a sexually motivated felony offense that is not listed in Correction Law § 168-a(2)(a)(i) or (ii) and found, as we do now, that it does not (People v Buyund, 179 AD3d 161 [2d Dept 2019], rev on other grounds [FN1] __ NY3d __, 2021 [*6]NY Slip Op 06529 [Nov. 23, 2021]). In Buyund, the defendant pleaded guilty to the top count of the indictment, burglary in the first degree as a sexually motivated felony. Pursuant to SORA, the trial court certified the defendant as a sex offender, as that term is used in Correction Law § 168-a, and informed him that he would be required to register with the Division of Criminal Justice Services before his release from prison. On appeal, the defendant argued, for the first time, that his certification as a sex offender was unlawful because burglary in the first degree was not one of the Penal Law provisions listed in Correction Law § 168-a (2)(a)(i) or (ii) and thus was not a registerable offense. The People countered that the defendant's argument was unpreserved and, in any event, lacked merit because Correction Law § 168-a(2)(a)(iii) includes sexually motivated felonies, as defined in Penal Law § 130.91, among its list of registerable sex offenses. The Second Department held that, pursuant to the clear and unambiguous text of Correction Law § 168-a(2)(a), first-degree burglary as a sexually motivated felony is not a registerable offense under SORA, and modified the judgment to vacate the part of the sentence that required the defendant to register as a sex offender. The Second Department held that the "the omission of a critical grammatical signpost or a parenthetical number preceding 'as a sexually motivated felony' [in subparagraph (iii) of section 168-a(2)(a)] clearly limits the qualifying sexually motivated felony offenses only to those enumerated in subparagraphs (i) and (ii)" (id. at 169). Moreover, the Court found that even if the legislature had intended to include all sexually motivated felonies as registerable offenses under SORA, it did not enact a statute that stated as much (id.). We agree.
Finally, we turn to defendant's argument that his sentence is excessive. Defendant's sentence, which he agreed to pursuant to his plea agreement, was justified by the seriousness of his attempted offense against one person followed by a completed offense against another, and defendant has not presented any circumstances that would warrant a reduction in his sentence. Defendant first attempted to follow one woman into her residential building and, when he was prevented from doing so, he brutally attacked another woman, causing her severe physical injuries and emotional trauma. Defendant's aggregate sentence, in accordance with his plea agreement, was equal to the 12-year prison sentence imposed for his conviction of first-degree assault as a sexually motivated felony, for which he could have received a sentence of as long as 25 years, and was entirely reasonable under the circumstances. The mitigating factors cited by defendant, which include that he has no prior criminal record, that he has been an active and loving father to his children, that he participated in group and individual counseling while incarcerated and that he has expressed remorse [*7]and taken responsibility for his behavior, are insufficient to warrant a reduction in his sentence in the interest of justice.
Accordingly, the judgment of the Supreme Court, New York County (Ellen N. Biben, J.), rendered February 19, 2019, convicting defendant, upon his plea of guilty, of assault in the first degree as a sexually motivated felony and attempted burglary in the second degree, and sentencing him to an aggregate term of 12 years, should be modified, on the law, to vacate so much of the judgment as certified defendant as a sex offender and required him to register pursuant to SORA, and otherwise affirmed.
Judgment Supreme Court, New York County (Ellen N. Biben, J.), rendered February 19, 2019, modified, on the law, to vacate so much of the judgment as certified defendant as a sex offender and required him to register pursuant to SORA, and otherwise affirmed.
Opinion by Kern, J.P., All concur.
Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022







Footnotes


Footnote 1: The Court of Appeals reversed on preservation grounds and remitted the case to the Second Department for further proceedings. The Court did not address the merits of the defendant's argument that he was improperly certified and required to register as a sex offender under SORA.