■ JONATHAN GEISSLER et al., Appellants, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. [808 NYS2d 118]—

In an action for a judgment declaring, inter alia, that the defendant Liberty Mutual Insurance Company is obligated to defend and indemnify the defendant Howard Geissler in an underlying personal injury action entitled *Geissler v Geissler*, pending in the Supreme Court, Orange County, under index No.

3746/02, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated August 5, 2004, as granted the motion of the defendant Liberty Mutual Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for summary judgment.

Ordered that the order is modified, on the law, by adding to the first subparagraph of the decretal paragraph thereof granting the defendant's motion the words "without prejudice to reinstituting or commencing a new action against Liberty Mutual Insurance Company in accordance with *Lang v Hanover Ins. Co.* (3 NY3d 350 [2004]), in the event that the plaintiffs obtain a judgment against Howard Geissler in the underlying personal injury action which remains unsatisfied for 30 days after service thereof on the insurer"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs were not named insureds under the general liability insurance policy issued by Liberty Mutual Insurance Company (hereinafter Liberty Mutual) to the defendant Boy Scouts of America and their right of action was therefore subject to the provisions of Insurance Law § 3420. As both parties agree, the plaintiffs did not obtain a judgment against the defendant Howard Geissler which remained unsatisfied for 30 days after service thereof on the insurer. In light of the Court of Appeal's decision in *Lang v Hanover Ins. Co. (id.),* although decided after the order appealed from, the plaintiffs cannot maintain a direct action against Geissler's purported insurer, and their complaint insofar as asserted against Liberty Mutual must be dismissed (*see* Insurance Law § 3420; *Lang v Hanover Ins. Co., supra* at 354). Accordingly, we do not reach the merits of the plaintiffs' cause of action against Liberty Mutual. The complaint insofar as asserted against Liberty Mutual should have been dismissed without prejudice to the plaintiffs reinstituting or commencing a new action against that defendant if the requirements of Insurance Law § 3420 are met. Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.