■ Susan Azad, Respondent, v Francesco L. Capparelli et al., Defendants, and Utica National Insurance Group, Appellant. [858 NYS2d 393]—

In an action, inter alia, to recover damages for personal injuries, the defendant Utica National Insurance Group appeals from an order of the Supreme Court, Kings County (Schack, J.), dated July 20, 2007, which denied its motion pursuant to CPLR 3211 (a) (3) and (7) to dismiss the fifth and sixth causes of action.

Ordered that the order is reversed, on the law, with costs, that branch of the motion which was to dismiss the fifth and sixth causes of action pursuant to CPLR 3211 (a) (3) is granted, and the motion is otherwise denied as academic.

The plaintiff's right of action against the defendant Utica National Insurance Group (hereinafter Utica) is subject to the provisions of Insurance Law § 3420, as she was not a named insured under the commercial liability policy issued to the defendant Trayner Group, Ltd. (hereinafter Trayner) (*see Selchick v Automobile Ins. Co. of Hartford, Conn.*, 32 AD3d 924, 924-925 [2006]; *Geissler v Liberty Mut. Ins. Co.* 23 AD3d 432, 433 [2005]). As the plaintiff did not obtain a judgment against Trayner that remained unsatisfied for 30 days, she lacked standing to maintain a direct action against its insurer, and the fifth and sixth causes of action, which were asserted against Utica, should have been dismissed (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 352 [2004]; *NC Venture I, L.P. v Complete Analysis, Inc.*, 22 AD3d 544 [2005]).

In light of the foregoing, we need not reach the parties' remaining contentions. Mastro, J.P., Rivera, Angiolillo and McCarthy, JJ., concur.