▪ WM Specialty Mortgage, LLC, Appellant, v Robert Sparano et al., Respondents, et al., Defendant. [892 NYS2d 408]—

In September 2004 the defendant Robert Sparano (hereinafter Sparano) obtained a loan from Ameriquest Mortgage Company (hereinafter Ameriquest), which was secured by a mortgage on the subject property. Ameriquest subsequently assigned the mortgage to the plaintiff. When Sparano defaulted on the loan, the plaintiff commenced this action in Supreme Court to foreclose on the property. While the action was pending, Ameriquest sent Sparano a letter, dated September 25, 2006, indicating that he may have a right to rescind the mortgage transaction under the Federal Truth-in-Lending-Act (15 USC § 1601 *et seq*., hereinafter TILA) (*see* 15 USC § 1635 [a]) if Ameriquest never provided him with a required form.

This letter was sent pursuant to a court order in a class action lawsuit against Ameriquest in the Northern District of Illinois (*see In re Ameriquest Mtge. Co. Mortgage Lending Practices Litig.*, 2006 WL 1525661, 2006 US Dist LEXIS 81498 [ND Ill 2006]).

On October 20, 2006 the Supreme Court awarded the plaintiff a judgment of foreclosure and sale against, among others, Sparano and his wife, the defendant Debra Sparano (hereinafter together the respondents), which was entered on November 20, 2006. By letter dated November 22, 2006 Sparano, through his attorney, elected to rescind his mortgage transaction pursuant to TILA, based on his claim that he never received a "Notice of Right To Cancel." An entity affiliated with Ameriquest responded, indicating that Sparano could rescind the transaction if he tendered the remaining unpaid loan principal. Apparently, no funds were ever tendered by Sparano.

The foreclosure sale was scheduled for April 25, 2007 but on the eve of the sale the respondents moved, by order to show cause, to vacate the judgment of foreclosure and sale. In the order to show cause, the Supreme Court temporarily stayed the foreclosure sale, pending resolution of the motion; the court later denied the motion without prejudice to renew. The foreclosure sale was rescheduled for July 10, 2007. On the eve of the rescheduled auction, the respondents renewed their motion to vacate the judgment of foreclosure and set aside the foreclosure sale. Although the affirmation submitted in support of the order to show cause requested that the court enjoin the sale, the order to show cause signed by the Supreme Court on July 9, 2007 contained no provision staying the impending foreclosure sale. On July 10, 2007 the property was auctioned, and the plaintiff was the successful bidder. In an order dated October 2, 2007 the Supreme Court granted the respondents' renewed motion, vacated the judgment of foreclosure and sale, and set aside the foreclosure sale. We reverse.

The relevant provisions of TILA apply to consumer credit transactions where the lender takes a security interest in the consumer's residence (*see* 15 USC § 1635). TILA gives the consumer an unconditional right to rescind the transaction within three days of (1) the consummation of the transaction, or (2) the delivery of certain required disclosures and rescission forms to the consumer, whichever occurs later (*see* 15 USC § 1635 [a]). However, where the required information and forms have never been delivered to the borrower, the right to rescind is extended to three years after the date of the consummation of the transaction (*see* 15 USC § 1635 [f]).

Here, Sparano elected to rescind the mortgage on the basis that he did not receive a "Notice of Right To Cancel" at the closing. However, the plaintiff submitted evidence that suggests Sparano did receive a "Notice of Right To Cancel" at the closing, raising an issue of fact as to whether Sparano was entitled to rescind his mortgage pursuant to TILA.

In light of this issue of fact, which may be determinative of the parties' remaining contentions, we remit the matter to the Supreme Court, Orange County, for a hearing to determine whether Sparano received a "Notice of Right to Cancel" his mortgage in accordance with TILA (15 USC § 1601 *et seq.*) and, if so, whether such notice was in compliance with TILA, and thereafter for a new determination of the respondents' renewed motion.

In light of our determination, we do not reach any other issues. Mastro, J.P., Eng, Belen and Hall, JJ., concur.