In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Board of Elections to relocate the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall to alternative polling places for a general election to be held on November 7, 2017, and, in effect, action for injunctive relief, the petitioner/ plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Schwartz, J.), entered October 26, 2017, which denied her motion for a preliminary injunction and, in effect, denied the petition and dismissed the proceeding/action.
 

 Ordered that the order and judgment is affirmed, without costs or disbursements.
 

 The petitioner/plaintiff (hereinafter the petitioner), the Town Clerk of the Town of Yorktown, commenced this hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent/defendant Westchester County Board of Elections (hereinafter the Board) to relocate the polling place for Election Districts 16, 17, 29, and 33 from the Town of Yorktown Town Hall (hereinafter the Town Hall) to alternative polling places for a general election to be held on November 7, 2017, and, in effect, action to enjoin the respondents/defendants Town of Yorktown and Town of Yorktown Department of Highways (hereinafter together the Town respondents) from undertaking any construction that would impede access to the Town Hall through that election. The petitioner thereafter moved to preliminarily enjoin the Board from relocating the polling place and to enjoin the Town respondents from undertaking that construction. The Supreme Court denied the motion and, in effect, denied the petition and dismissed the proceeding/action, and the petitioner appeals.
 

 Contrary to the petitioner’s contention, the Supreme Court properly concluded that she lacked standing to challenge the Board’s determination. Establishing standing to challenge an administrative action requires a two-part showing. “ ‘First, a [petitioner] must show injury in fact, meaning that [the petitioner] will actually be harmed by the challenged ... action. As the term itself implies, the injury must be more than conjectural. Second, the injury a [petitioner] asserts must fall within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted’ ” (Matter of Graziano v County of Albany, 3 NY3d 475, 479 [2004], quoting New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774 [1991]; Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 167 [2006]).
 

 Here, the petitioner failed to demonstrate that, in her capacity as the Town Clerk of the Town of Yorktown, she will be harmed by the relocation of the polling place. The petitioner failed to demonstrate that her responsibilities as the Town Clerk would be impeded by the relocation of the Town Hall polling site (see Town Law § 30). The petitioner’s contention that she has third-party standing is improperly raised for the first time on appeal.
 

 Accordingly, the Supreme Court properly denied the petitioner’s motion for a preliminary injunction and properly, in effect, denied the petition and dismissed the proceeding/action.
 

 Sgroi, J.P., Hinds-Radix, Maltese and Brathwaite Nelson, JJ., concur.