Capital One, N.A. v Ludden (2021 NY Slip Op 01385)





Capital One, N.A. v Ludden


2021 NY Slip Op 01385


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-07490
 (Index No. 1627/17)

[*1]Capital One, N.A., respondent,
v
Joseph Ludden, appellant, et al., defendants.


Patacca & Associates, P.C., Williston Park, NY (Kevin McDermott of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Dogali and Natalie Grigg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Ludden appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 12, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred, or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing.
ORDERED that the order is affirmed, with costs.
The defendant Joseph Ludden (hereinafter the defendant) executed a note promising to repay a loan that was secured by a mortgage. The defendant allegedly defaulted on his monthly mortgage payments beginning in December 2010. By letter dated December 29, 2010, the plaintiff's predecessor in interest notified the defendant that, "[i]f the default is not cured on or before February 2, 2011, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."
On March 22, 2017, the plaintiff commenced this action to foreclose the mortgage, annexing, inter alia, a lost note affidavit as an exhibit to its complaint. The defendant answered and asserted, among other things, affirmative defenses that the action was time-barred and that the plaintiff lacked standing. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred or, in the alternative, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing. The plaintiff opposed the motion. In an order entered March 12, 2018, the Supreme Court denied the defendant's motion. The defendant appeals.
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Vitolo, 182 AD3d 627, 628; Milone v US Bank N.A., 164 AD3d 145, 151). "'The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Where, as here, the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, "some affirmative action must be taken evidencing the [*2]holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835). "To be effective, the acceleration notice to the borrower must be clear and unequivocal" (Milone v US Bank N.A., 164 AD3d at 152; see U.S. Bank N.A. v Vitolo, 182 AD3d at 628). A "letter discussing acceleration as a possible future event . . . does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475).
Contrary to the defendant's contention, the December 29, 2010 letter did not accelerate the mortgage debt (see U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1008). Rather, the language in the letter "was merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d at 152; see Freedom Mtge. Corp. v Engel, ___ NY3d ___, 2021 NY Slip Op 01090; U.S. Bank N.A. v Vitolo, 182 AD3d at 628; Bank of N.Y. Mellon v Morris, 172 AD3d 1150, 1151; U.S. Bank N.A. v Sopp, 170 AD3d 776, 778; North Shore Invs. Realty Group, LLC v Traina, 170 AD3d 737, 738). Therefore, the defendant failed to satisfy his initial burden of demonstrating, prima facie, that the time within which to commence the action had expired (see U.S. Bank N.A. v Vitolo, 182 AD3d at 628-629; U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1239).
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806; see U.S. Bank N.A. v Clement, 163 AD3d 742, 743). Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit "due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms" (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044). Here, the defendant failed to demonstrate that the plaintiff was not the owner of the lost note at the time the action was commenced (see id. at 1044).
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court