Wells Fargo Bank, N.A. v Smith (2021 NY Slip Op 04631)





Wells Fargo Bank, N.A. v Smith


2021 NY Slip Op 04631


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-11314
 (Index No. 1144/11)

[*1]Wells Fargo Bank, N.A., appellant,
v
Gabriele Smith, respondent, et al., defendants.


Leopold & Associates, PLLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick], of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered November 23, 2016. The order denied the plaintiff's motion for an order of reference and granted that branch of the cross motion of the defendant Gabriele Smith which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing.
ORDERED that the order is affirmed, without costs or disbursements.
On March 5, 2003, the defendant Gabriele Smith (hereinafter the defendant) executed and delivered to the plaintiff's predecessor in interest a note in which she promised to repay a loan in the amount of $590,900, secured by a mortgage on certain real property located in Pomona.
On February 9, 2011, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage, alleging, inter alia, that the defendant had defaulted on the mortgage payment due March 1, 2007, and all payments due thereafter. On August 26, 2015, the plaintiff filed a supplemental summons and amended complaint. The defendant did not answer either the complaint or the amended complaint.
In November 2015, the plaintiff moved for an order of reference. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing. The Supreme Court denied the plaintiff's motion, and granted that branch of the defendant's cross motion. The plaintiff appeals, arguing only that the standing defense was waived by the failure to raise it in an answer or a pre-answer motion to dismiss, and that, in any event, it proved its standing to commence this action.
Contrary to the plaintiff's contention, the defendant did not waive a standing defense pursuant to CPLR 3211(e) by virtue of her failure to raise it in an answer or a pre-answer motion to dismiss (see GMAC Mtge., LLC v Coombs, 191 AD3d 37, 46, 49; see also RPAPL 1302-a).
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Capital One, N.A. v Ludden 192 AD3d 752, 753 [internal quotation [*2]marks omitted]; see Arch Bays Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). A plaintiff in a mortgage foreclosure action has standing when, at the time the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773-774 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submissions raise a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60).
Here, with respect to that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(3), the defendant established, prima facie, the plaintiff's lack of standing as a matter of law by relying on evidence demonstrating that the plaintiff did not annex a copy of the note to the complaint at the time of commencement and that the assignment of mortgage, which post-dated the commencement of this action, did not reference the note. "[I]n the absence of any evidence to demonstrate the existence of a written assignment of the note [prior to commencement of the action] or physical delivery of the note," the defendant met her prima facie burden to dismiss the complaint insofar as asserted against her for lack of standing (U.S. Bank, N.A. v Sharif, 89 AD3d 723, 725).
In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted the affidavit of Sonja Manderville, a contract management coordinator employed by the plaintiff's loan servicer, in which she averred that the plaintiff "was in possession of the Note at the time of commencement of this action," this statement constituted inadmissible hearsay as she did not annex a copy of the record from which she obtained that information (see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175). Further, the plaintiff did not submit any admissible evidence that the note, with its undated endorsement stamped on a purported allonge, was, in fact, in its possession on or before February 9, 2011, when the action was commenced, or that the purported allonge was connected or firmly attached to the note. Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing.
We have not considered the plaintiff's challenge to a statement in the Supreme Court's order relating to the statute of limitations since no appeal lies from dicta (see Matter of Apostolidis, 193 AD3d 1038).
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., AUSTIN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court