Bank of N.Y. Mellon v Deas (2021 NY Slip Op 07536)





Bank of N.Y. Mellon v Deas


2021 NY Slip Op 07536


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-01054
 (Index No. 14456/11)

[*1]Bank of New York Mellon, etc., respondent, Rodney 
v
Deas, appellant, et al., defendants.


Rodney Deas, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rodney Deas appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 28, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rodney Deas, to strike his answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rodney Deas, to strike his answer, and for an order of reference are denied.
The plaintiff commenced this action against the defendant Rodney Deas (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Brooklyn. The defendant interposed an answer asserting, among other things, that the plaintiff lacked standing to commence the action. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion. In an order dated June 28, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, in support of its motion, the plaintiff submitted, inter alia, the note, the mortgage, and the affidavit of Rory McGowan, a vice president of the plaintiff's loan servicer, Ocwen Loan Servicing, LLC (hereinafter Ocwen). McGowan reviewed the records relating to the servicing of the subject loan, attested to the defendant's default in payment, and stated that the [*2]plaintiff "was in possession of the Note at the time of commencement of this action." Annexed to the affidavit was a copy of the note, bearing a specific endorsement to "JPMorgan Chase Bank, as Trustee."
"Although the foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation and internal quotation marks omitted]). "Without submission of the business records, a witness's testimony as to the contents of the records is inadmissible hearsay" (Wells Fargo Bank, N.A. v Atedgi, 189 AD3d 934, 936; see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d at 206). Here, McGowan failed to identify or attach the business records he relied upon evincing that the plaintiff was in physical possession of the note when it commenced this action (see Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court