U.S. Bank N.A. v Scully (2022 NY Slip Op 01340)





U.S. Bank N.A. v Scully


2022 NY Slip Op 01340


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2019-05397
 (Index No. 713558/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Winston Scully, etc., appellant, et al., defendants.


Winston Scully, Jamaica Estates, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau and Rima Zaman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Winston Scully appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered March 15, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing, and to dismiss the complaint insofar as asserted against him on the ground that the mortgage loan transaction had been rescinded pursuant to the Federal Truth in Lending Act (15 USC § 1601 et seq.).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 21, 2004, Winston Scully (hereinafter the defendant) executed a note in the sum of $471,000 in favor of VirtualBank. The note was secured by a mortgage on residential property in Jamaica Estates. By assignment of mortgage dated February 3, 2004, VirtualBank assigned the mortgage to Chase Manhattan Bank USA, N.A., which, by assignment of mortgage dated February 4, 2013, assigned the mortgage to the plaintiff, U.S. Bank National Association.
On April 7, 2014, the plaintiff commenced an action (hereinafter the 2014 action) against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer with counterclaims. Thereafter, the defendant moved, pro se, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him on the ground that the plaintiff lacked standing. By order dated March 11, 2015, the Supreme Court granted that branch of the defendant's motion.
On September 4, 2018, the plaintiff commenced the instant action against the defendant, among others, to foreclose the mortgage. The defendant moved, pre-answer, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing, and to dismiss the complaint insofar as asserted against him on the ground that the mortgage loan transaction had been rescinded pursuant to the Federal Truth in Lending Act (15 USC § 1601 et seq.; hereinafter TILA). The plaintiff opposed the motion. In an order entered March 15, 2019, the Supreme Court denied the motion. The defendant appeals.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Capital One, N.A. v Ludden, 192 AD3d 752, 753 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Smith, 197 AD3d 532, 533; Arch Bay Holdings, LLC-Series 2010B v Smith, 136 AD3d 719, 719). A plaintiff in a mortgage foreclosure action has standing when, at the time the action was commenced, it was either the holder or the assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773-774 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1174). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law; rather, the motion will be defeated if the plaintiff's submission raise[s] a question of fact as to its standing" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 60; see Wells Fargo Bank, N.A. v Smith, 197 AD3d at 533).
Here, the defendant failed to meet his burden to establish, prima facie, the plaintiff's lack of standing as a matter of law (see Capital One, N.A. v Ludden, 192 AD3d at 753). Contrary to the defendant's contention, the March 11, 2015 order, directing dismissal of the 2014 action, did not establish a condition precedent to commencement of a subsequent action that required the plaintiff to file with the summons and complaint an affidavit attesting to its possession of the note. As the Supreme Court properly recognized in that order, a plaintiff need only establish its standing to commence an action where the issue is first raised by a defendant (see SK Indus., LLC v Jackson, 198 AD3d 830). Moreover, the record reflects that a copy of the subject note, with an allonge containing an endorsement in blank, was annexed to the summons and complaint in this action (see Wells Fargo Bank, N.A. v LJ Equities II, LLC, 175 AD3d 1592, 1593-1594; Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 791). Thus, the defendant failed to demonstrate that the plaintiff did not have standing as the holder of the note at the time of commencement of the action (see Wells Fargo Bank, N.A. v LJ Equities II, LLC, 175 AD3d at 1594; Bank of N.Y. Mellon v Chamoula, 170 AD3d at 791). In light of the foregoing, the sufficiency of the plaintiff's opposition on the issue of standing need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's contention that dismissal was warranted because the mortgage loan transaction had been rescinded under TILA is also without merit. "The relevant provisions of TILA apply to consumer credit transactions where the lender takes a security interest in the consumer's residence" (WM Specialty Mtge., LLC v Sparano, 68 AD3d 987, 989; see 15 USC § 1635). "TILA gives the consumer an unconditional right to rescind the transaction within three days of (1) the consummation of the transaction, or (2) the delivery of certain required disclosures and rescission forms to the consumer, whichever occurs later" (WM Specialty Mtge., LLC v Sparano, 68 AD3d at 989; see 15 USC § 1635[a]). Here, the record establishes that the defendant failed to timely exercise his right to rescind the mortgage loan transaction under TILA.
The defendant's contention that dismissal was warranted because the plaintiff's opposition to his motion was untimely served pursuant to CPLR 2214(b) is without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against him for lack of standing, and to dismiss the complaint insofar as asserted against him on the ground that the mortgage loan transaction had been rescinded under TILA.
IANNACCI, J.P., RIVERA, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court