Wilmington Trust, N.A. v Wei P. Teo (2022 NY Slip Op 02308)

Wilmington Trust, N.A. v Wei P. Teo

2022 NY Slip Op 02308

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.

2019-06746
 (Index No. 520106/17)

[*1]Wilmington Trust, National Association, etc., appellant, 
v
Wei P. Teo, et al., defendants, 70 Clermont Ave., Ltd., defendant-respondent; NRTL Trust 2016-LH1, nonparty-respondent.

McCabe, Weisberg & Conway, LLC (McCalla Raymer Leibert Pierce, New York, NY [Charles Jeanfreau], of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, New York, NY (David K. Fiveson and Grail A. Moore of counsel), for nonparty-respondent.

DECISION & ORDER
In an action, inter alia, to cancel a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated April 1, 2019. The order granted the motion of NRTL Trust 2016-LH1, successor in interest to the defendant Lending Home Funding Corporation, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the grounds of lack of standing and as time-barred and, thereupon, in effect, granted that branch of the cross motion of the defendant 70 Clermont Ave., Ltd., which was to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs to NRTL Trust 2016-LH1, successor in interest to the defendant Lending Home Funding Corporation.
On October 18, 2017, the plaintiff commenced this action to cancel a satisfaction of a mortgage recorded in 2013 and to reinstate the mortgage. NRTL Trust 2016-LH1, successor in interest to the defendant Lending Home Funding Corporation (hereinafter NRTL), moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the grounds that the plaintiff lacked standing to commence this action and that it was time-barred. The defendant 70 Clermont Ave., Ltd. (hereinafter Clermont), cross-moved, inter alia, for summary judgment on its counterclaim pursuant to RPAPL 1501(4) to discharge and void the mortgage given by the defendant Wei P. Teo dated March 29, 2006, and to dismiss the complaint insofar as asserted against it. In an order dated April 1, 2019, the Supreme Court granted NRTL's motion. The court denied that branch of Clermont's cross motion which was for summary judgment on its counterclaim, as it was supported only by an attorney affirmation which had no probative value. Nonetheless, the court, upon its determination granting that branch of NRTL's motion which was to dismiss the complaint insofar as asserted against it on the ground that the plaintiff lacked standing to commence the action, in effect, granted that branch of Clermont's motion which was to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged [*2]lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (New York Community Bank v McClendon, 138 AD3d 805, 806). In opposition, to defeat the motion, the plaintiff must raise a question of fact as to its standing (see Wells Fargo Bank, N.A. v Smith, 197 AD3d 532).
Here, NRTL established, prima facie, the plaintiff's lack of standing, as the five-page note attached to the complaint was neither endorsed to the plaintiff nor endorsed in blank (see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 91). In opposition, the plaintiff failed to raise a question of fact. Specifically, the plaintiff's servicer, in an affidavit, expressly relied upon, inter alia, the unendorsed note which the plaintiff's counsel averred was wrongly attached to the complaint. The further averment of counsel that the plaintiff had been in physical possession of a different two-page note at the time of commencement, endorsed in blank, was not based on counsel's personal knowledge or on any attached business records (see Bank of N.Y. Mellon v Deas, 200 AD3d 1023) and was insufficient to raise a question of fact. Accordingly, the Supreme Court properly granted that branch of NRTL's motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff lacked standing to commence the action. Upon granting that branch of NRTL's motion, the court also properly, in effect, granted that branch of Clermont's cross motion which was to dismiss the complaint insofar as asserted against it.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court