Select Portfolio Servicing, Inc. v Sampson (2023 NY Slip Op 02344)

Select Portfolio Servicing, Inc. v Sampson

2023 NY Slip Op 02344

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-05354
 (Index No. 702840/17)

[*1]Select Portfolio Servicing, Inc., appellant, 
v
Celene L. Sampson, et al., defendants, Beach 65 St Realty, Inc., respondent.

Aldridge Pite, LLP, Melville, NY (Kenneth Sheehan of counsel), for appellant.
Avi Rosenfeld, Lawrence, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered January 17, 2019. The order, insofar as appealed from, granted that branch of the cross-motion of the defendant Beach 65 St Realty, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Celene L. Sampson executed a note secured by a mortgage on certain real property. In 2008, an action was commenced to foreclose that mortgage (hereinafter the 2008 action). In 2014, the 2008 action was marked inactive. At some point, the defendant Beach 65 St Realty, Inc. (hereinafter Beach 65), became the record owner of the property.
In 2017, the plaintiff commenced this action to foreclose the mortgage against, among others, Sampson and Beach 65. Beach 65 interposed an answer asserting various affirmative defenses, including the statute of limitations. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Beach 65 and for an order of reference. Beach 65 cross-moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. In an order entered January 17, 2019, the Supreme Court, inter alia, granted that branch of Beach 65 s cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it. The plaintiff appeals.
Mortgage foreclosure actions are governed by a six-year statute of limitations (see CPLR 213[4]; Capital One, N.A. v Ludden, 192 AD3d 752, 752). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Capital One, N.A. v Ludden, 192 AD3d at 752-753 [internal quotation marks omitted]; see Citimortgage, Inc. v Ford, 186 AD3d 1609, 1609). Here, Beach 65 demonstrated, prima facie, that this action was time-barred by showing that more than six years had elapsed since the debt was accelerated by the commencement of the 2008 action (see Bank of N.Y. Mellon v Muriqi, 205 AD3d 667, 668).
In opposition, the plaintiff failed to raise a question of fact as to whether the action was timely. The plaintiff's contention that the borrower acknowledged the debt by entering into one or more loan modification agreements, which restarted the six-year limitations period, is not properly before this Court (see U.S. Bank N.A. v O'Rourke, 209 AD3d 699, 701; U.S. Bank N.A. v Salvodon, 189 AD3d 925, 926).
Accordingly, the Supreme Court properly granted that branch of Beach 65 s cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred.
In view of our determination, we need not reach the plaintiff's remaining contention.
DILLON, J.P., ZAYAS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court