Sizova v Union Mut. Fire Ins. Co. (2023 NY Slip Op 03502)

Sizova v Union Mut. Fire Ins. Co.

2023 NY Slip Op 03502

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-03200
 (Index No. 718930/20)

[*1]Ksenia Sizova, respondent, 
v
Union Mutual Fire Insurance Company, et al., appellants.

Hurwitz & Fine, P.C., Buffalo, NY (Agnes A. Wilewicz, Thomas Casella, and Eric T. Boron of counsel), for appellants.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert Cohen and Charles Haviv of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief, the defendants appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated April 7, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
In October 2020, the plaintiff commenced this action against the defendant Union Mutual Fire Insurance Company (hereinafter Union) and its claims administrator, the defendant Roundhill Express, LLC (hereinafter Roundhill), for a judgment declaring that Union has a duty to defend and indemnify nonparties Michael Moshel and Moshel Memse, LLC (hereinafter the LLC), in a 2018 personal injury action commenced by the plaintiff against Moshel and the LLC (hereinafter the underlying action). The plaintiff commenced the underlying action against Moshel and the LLC to recover damages for personal injuries the plaintiff alleged she sustained in July 2018 when Moshel dropped a piece of granite on her foot at premises owned by the LLC. In this action, the plaintiff alleged that Union was the LLC's insurer at the time of the incident and that Roundhill was Union's claims administrator. The defendants moved pursuant to CPLR 3211(a)(3) and (7) to dismiss the complaint. The plaintiff opposed the motion. In an order dated April 7, 2021, the Supreme Court denied the motion. The defendants appeal. We reverse.
"Where a CPLR 3211(a)(3) motion is based upon an alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89-90). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as to the issue" (id. at 90).
Insurance Law § 3420 "grants an injured party a right to sue the tortfeasor's insurer, but only under limited circumstances—the injured party must first obtain a judgment against the tortfeasor, serve the insurance company with a copy of the judgment and await payment for 30 days" (Lang v Hanover Ins. Co., 3 NY3d 350, 354; see Insurance Law § 3420[a][2]; Azad v Capparelli, [*2]51 AD3d 956, 956). Here, the defendants established, prima facie, that the plaintiff lacked standing to commence this action by submitting the complaint, which alleged that the underlying action against Moshel and the LLC "is currently pending." The complaint is evidence that the plaintiff has not established the condition precedent to maintain a direct action against the defendants (see Insurance Law § 3420[a][2]; Lang v Hanover Ins. Co., 3 NY3d at 354; Azad v Capparelli, 51 AD3d at 956).
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the defendants' disclaimer of coverage based on the purported failure by the LLC to provide timely notice is not "the sole question" in determining whether Union has a duty to defend and indemnify Moshel and the LLC in the underlying action (Insurance Law § 3420[a][6]; see CPLR 3001).
In light of our determination, we need not reach the defendants' contention that the Supreme Court should have directed dismissal of the complaint insofar as asserted against Roundhill pursuant to CPLR 3211(a)(7) for failure to state a cause of action.
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court