Kraus v Credit Control Servs., Inc. (2025 NY Slip Op 02336)

Kraus v Credit Control Servs., Inc.

2025 NY Slip Op 02336

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-07842
 (Index No. 503195/23)

[*1]Rivka Kraus, appellant, 
v
Credit Control Services, Inc., etc., respondent.

Sanders Law Group, Uniondale, NY (Jonathan M. Cader of counsel), for appellant.
Messer Strickler Burnette, Ltd., Huntington, NY (Matthew B. Johnson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages pursuant to the Fair Debt Collection Practices Act (15 USC § 1692 et seq.), the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated July 6, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In October 2022, the defendant, a debt collection firm, sent the plaintiff a notice seeking to collect upon an alleged debt she owed to a third party (hereinafter the notice). Thereafter, the plaintiff commenced this action, alleging that the defendant violated the Fair Debt Collection Practices Act (15 USC § 1692 et seq.; hereinafter FDCPA) by issuing the notice. According to the plaintiff, the defendant improperly sought to collect a debt that she did not owe. In May 2023, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing, inter alia, that the plaintiff lacked standing. The plaintiff opposed the motion. By order dated July 6, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"[A] plaintiff, in order to have standing in a particular dispute, must demonstrate an injury in fact that falls within the relevant zone of interests sought to be protected by law" (Caprer v Nussbaum, 36 AD3d 176, 183; see Donnelly v Teachers Fed. Credit Union, 228 AD3d 831, 832). "Where a defendant seeks dismissal pursuant to CPLR 3211(a)(3) based on lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Fossella v Adams, 225 AD3d 98, 108 [internal quotation marks omitted]). "To defeat a defendant's motion to dismiss, the plaintiff has no burden of establishing its standing as a matter of law, but must merely raise a question of fact as to the issue" (Sizova v Union Mut. Fire Ins. Co., 217 AD3d 1007, 1008 [internal quotation marks omitted]; see Wilmington Trust, N.A. v Teo, 204 AD3d 735, 736-737).
Here, contrary to the plaintiff's contention, the defendant established, prima facie, that the plaintiff lacked common-law standing to pursue her FDCPA claims (see Green v Forster & Garbus, LLP, ____ AD3d ____ [decided herewith]; Sikh Forum, Inc. v Saluja, 227 AD3d 1024, 1025). The plaintiff failed to allege facts demonstrating an injury-in-fact, since she merely asserted, [*2]without more, that the defendant sent her a notice that sought to collect a debt that she did not owe. Without any allegation that she relied upon the defendant's alleged deceptive conduct to her detriment, or that it otherwise caused her harm, the plaintiff did not allege an injury-in-fact (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772; Huber v Simon's Agency, Inc., 84 F4th 132, 148-149 [3d Cir]; Bassett v Credit Bur. Servs., Inc., 60 F4th 1132, 1136-1137 [8th Cir]). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a question of fact (see Sizova v Union Mut. Fire Ins. Co., 217 AD3d at 1008). To the extent the plaintiff contends that she possessed statutory standing under the FDCPA, separate and distinct from common-law standing (see generally Matter of Harkenrider v Hochul, 38 NY3d 494, 508; Rudder v Pataki, 93 NY2d 273, 278-281; Westchester County Dept. of Pub. Safety Police Benevolent Assn., Inc. v Westchester County, 35 AD3d 592, 594), this contention is improperly raised for the first time on appeal (see Green v Forster & Garbus, LLP, ____ AD3d ____ [decided herewith]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 207; Matter of Quast v Westchester County Bd. of Elections, 155 AD3d 674, 675).
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court