Fifth Third Bank, N.A. v Stitt (2025 NY Slip Op 04085)

Fifth Third Bank, N.A. v Stitt

2025 NY Slip Op 04085

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-07531
 (Index No. 13307/10)

[*1]Fifth Third Bank, N.A, etc., respondent, 
v
Lisa A. Stitt, appellant, et al., defendants.

Fred M. Schwartz, Smithtown, NY, for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lisa A. Stitt appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 30, 2023. The order, insofar as appealed from, denied that defendant's cross-motion to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant Lisa A. Stitt to dismiss the complaint insofar as asserted against her is granted.
The plaintiff commenced this action against, among others, the defendant Lisa A. Stitt (hereinafter the defendant) to foreclose a mortgage on certain real property located in Ronkonkoma. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendant cross-moved to dismiss the complaint insofar as asserted against her, based upon, among other things, lack of standing. In an order dated May 30, 2023, the Supreme Court, inter alia, denied the defendant's cross-motion. The defendant appeals.
"'On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law'" (Wilmington Trust, N.A. v Teo, 204 AD3d 735, 736, quoting New York Community Bank v McClendon, 138 AD3d 805, 806). "'A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint'" (LNV Corp. v Allison, 206 AD3d 710, 712, quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868). However, "'[w]here there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note'" (id., quoting U.S. Bank N.A. v Moulton, 179 AD3d 734, 737).
Here, the defendant established, prima facie, the plaintiff's lack of standing by demonstrating that the note that the plaintiff alleged was in its physical possession as of the commencement of the action was neither endorsed in blank nor specially endorsed to the plaintiff (see Wilmington Trust, N.A. v Teo, 204 AD3d at 737; Wells Fargo Bank, N.A. v Smith, 197 AD3d 532, 533). In opposition, the plaintiff failed to raise a triable issue of fact (see Wells Fargo Bank, [*2]N.A. v Smith, 197 AD3d at 533; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 725). The plaintiff's assertion that the note that was in its physical possession as of the commencement of the action was endorsed in blank is not supported by the record.
In light of our determination, we need not reach the defendant's remaining contentions.
Accordingly, the Supreme Court should have granted the defendant's cross-motion to dismiss the complaint insofar as asserted against her.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court